**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Case No.: 1:23cv00404-VSB**

RICHARD WENNER JR.,

Plaintiff,

v.

RENZO GRACIE,
RENZO GRACIE ACADEMY, LLC,
JONATHAN WEAST, and
TIAGO MOLINOS,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS RENZO GRACIE AND RENZO GRACIE ACADEMY, LLC'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Dated: March 20, 2023
Coral Gables, Florida

Respectfully Submitted,

*/s/ Jenny Johnson-Sardella*

Mark David Hunter, Esquire
New York Bar No. 4017331
Jenny Johnson-Sardella, Esquire
New York Bar No. 4225850
Hunter Taubman Fischer & Li LLC
2 Alhambra Plaza, Suite 650
Coral Gables, Florida 33134
Tel: (305)629-1180
Fax: (305)629-8099
E-Mail: mhunter@htflawyers.com
jsardella@htflawyers.com

## I. MEMORANDUM OF LAW

Defendants Renzo Gracie ("**Mr. Gracie**") and Renzo Gracie Academy, LLC ("**RGA**") (collectively, "**Defendants**"), by and through their undersigned counsel, hereby submit this Memorandum of Law in support of their motion to dismiss Count II of Plaintiff Richard Wenner Jr.'s ("**Plaintiff**") Complaint for Copyright Infringement, dated January 24, 2023 ("**Complaint**") (Docket Entry (**"D.E."**) 5), with prejudice pursuant to Federal Rule of Civil Procedure ("**Rule(s)**") 12(b)(6). In furtherance of the same, Defendants respectfully state as follows:

## II. INTRODUCTION

Plaintiff filed his Complaint against Defendants on January 24, 2023, alleging two causes of action against Defendants for (1) infringement of copyright pursuant to 17 U.S.C. § 101 *et seq.*; and (2) contributory infringement. Plaintiff alleged in his Complaint that "Plaintiff captured the photograph, 'Rick_Wenner_APF_Renzo_Gracie' ("**Copyrighted Photograph**") on or around July 9, 2012, in New York," and posted the Copyrighted Photograph to www.rickwenner.com on April 25, 2015. Complaint at ¶¶ 11-12. Subsequently, Plaintiff alleged that Mr. Gracie "copied and posted [the] Copyrighted Photograph to his social media accounts from multiple purposes," and "[RGA] copied and posted a horizontally-flipped version of [the] Copyrighted Photograph to [RGA's] commercial website, www.renzogracieacademy.com." *Id.* at ¶¶ 13, 19.

Plaintiff also claimed in the Complaint that he "is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly made available to and encouraged copying of Copyrighted Photograph to third parties by posting active links to social media companies immediately adjacent to Copyrighted Photograph." *Id.* at ¶ 41. However, Plaintiff has failed to adequately allege a claim for contributory infringement against Defendants. As set forth

in more detail herein, Plaintiff's cause of action against Defendants for contributory infringement is fatally deficient and should be dismissed with prejudice.

## III. ARGUMENT

### A. Standard of Review

Under Rule 12(b)(6), a complaint may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 1960 (2007) (emphasis added). A plaintiff must state allegations that are "entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). For Rule 12(b)(6) purposes, "[a] claim has facial plausibility when the [plaintiff pleads] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (emphasis added). Although the Court must accept all of the Complaint's well-pled factual allegations as true, *Twombly's* pleading standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678. Indeed, the Court "need not accord legal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness." *Schulman v. Delaire*, No. 10 Civ. 3639 (HB), 2011 WL 672002, at *2 (S.D.N.Y.2011) (Baer, J.).

The Complaint's purported factual allegations as to contributory infringement are conclusory at best, and do not "nudge[] [the] claims . . . across the line from conceivable to plausible." *See Iqbal*, 129 S. Ct. at 1951. Conclusory allegations (i.e., "factually neutral" allegations that are insufficient to satisfy the pleading requirements under Rule 8(a)) contained within the cause of action against Defendants should not be accepted for their truth. *Twombly*, 550 U.S. at 557, n.5; *see also Iqbal*, 129 S. Ct. at 1950. As described more fully herein,

Plaintiff has failed to state claim for which relief may be granted against Defendants as to Count II and, as a result, dismissal of the Count II against Defendants is appropriate.

### B. Plaintiff Fails to State a Claim for Contributory Infringement Against Defendants

Count II of Plaintiff's Complaint is for contributory infringement against Defendants. *See* Complaint at ¶¶41-43. To state a claim of contributory copyright infringement, "a plaintiff must allege: (1) direct copyright infringement by a third party; (2) knowledge of the third-party infringement; and (3) a material contribution to the infringement." *Gordon v. Pearson Educ., Inc.*, 85 F. Supp. 3d 813, 817 (E.D. Pa. 2015). "[A] plaintiff must [adequately] allege that the defendant 'with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another.'" *BWP Media USA Inv. v. Hollywood Fan Sites, LLC* , 69 F.Supp.3d 342, 356 (S.D.N.Y 2014) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)) (internal quotations omitted).

#### 1. <u>Plaintiff Has Not Alleged Knowledge of Infringement</u>.

Contributory infringement requires a showing that the defendant had "actual or constructive knowledge of specific and identifiable infringements." *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 751 (S.D.N.Y. 2012) (internal quotation marks and citations omitted). Knowledge may take the form of willful blindness, but only where the defendant "was aware of a high probability of the [infringement] in dispute and consciously avoided confirming that fact." *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 35 (2d Cir. 2012) (citation omitted). Plaintiffs' conclusory allegations that Defendants, "knowingly made available to and encourage copying of Copyright Photograph to third parties by posting active links to social media companies immediately adjacent to Copyrighted Photograph" are nothing more than "legal conclusion[s] couched as [] factual allegation[s]," and fall short of alleging knowledge *Iqbal*, 556 U.S. at 678; *see also Warren v. John Wiley & Sons, Inc.*, No. 12 Civ. 5070 (JPO), 952 F. Supp.

2d 610, 619 (S.D.N.Y. 2013) (dismissing as conclusory the allegation that individual defendants "had knowledge, information, and control over [the] infringements"). Fatal to Plaintiff's claim for contributory infringement is the fact that the Complaint is devoid of any allegations of direct infringement by third party visitors to "active links" to Defendants' social media pages. Therefore, Plaintiff cannot and has not alleged factual allegations of knowledge "of specific and identifiable [direct] infringements" by third parties. *See Gershwin Publ'g Corp*, 443 F.2d at 1162; *see also Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998) ("Contributory infringement necessarily must follow a finding of direct or primary infringement") (internal quotations omitted).

**2. <u>Plaintiff Has Not Alleged Material Contribution</u>.**

Plaintiff's claim for contributory infringement should fail for the sole fact that there are no allegations of direct infringement as to "third parties," as stated above. *See* Complaint at ¶41; *see also Matthew Bender & Co.*, 158 F.3d at 706 (citing *Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir.1990) ("Contributory infringement necessarily must follow a finding of direct or primary infringement.")). Notwithstanding, contributory infringement also requires that the defendant has made a material contribution to the alleged infringement. This requires a plaintiff to make "fact-based allegations" that the defendants "authorized, or played [a] part . . . in the alleged infringement." *Warren*, 952 F. Supp. 2d at 619; *see also Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000) (dismissing contributory infringement claims where "no details [were] provided" regarding individual defendants' participation in the alleged infringements). The standard for establishing a material contribution is a demanding one:

> Participation in the infringement must be substantial. The authorization or assistance must bear a direct relationship to the infringing acts, and the contributory infringer must have acted in concert with the direct infringer.

*Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225 (S.D.N.Y. 2000) (citation omitted); *see also Wolk*, 840 F. Supp. 2d at 750-51 (defendants must have "acted in concert [with the direct infringers] to infringe upon the Plaintiff's rights"). In the instant matter, the Complaint is devoid of any factual allegation of direct infringement by a third party of any social media site or social media company, and Plaintiff's allegations of purported material contribution are no more than conclusory allegations set forth solely in the cause of action. *See* Complaint at ¶¶41-43.

**3. Plaintiff Has Not Alleged That Defendants Induced Infringement.**

Alternatively, contributory infringement may be premised on an inducement theory where the defendant (i) engaged in purposeful conduct that encouraged copyright infringement (ii) with the intent to encourage the infringement. *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398, 425 (S.D.N.Y. 2010) (citing *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005)). The alleged inducement and encouragement must involve "purposeful, culpable expression and conduct" demonstrating that the defendant "intended and encouraged [its] product to be used to infringe." *Id.* at 937, 940 n.13.

The Complaint is devoid of any factual allegation of such purposeful or culpable behavior by Defendants. Rather, Plaintiff alleged only in a conclusory manner that Defendants "made available to and encouraged copying of [the] Copyrighted Photograph to third parties by posting active links to social media companies.," and that "Defendants . . . had knowledge or reason to know of such contributory infringement." Complaint at ¶¶ 41, 42. These are not factual allegations that Defendants "engaged in purposeful conduct" and "intended and encouraged" infringement. *Grokster*, 545 U.S. at 940 n.13. As such, Plaintiff's claim for contributory infringement fails.

## IV. CONCLUSION

Plaintiff has not met the applicable standards required to sustain his claim for contributory infringement against Defendants, and Count II must be dismissed pursuant to Rule 12(b)(6) as to Defendants. Defendants also are entitled to reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 for having to defend plaintiffs' objectively unreasonable claims, should the Court grant this motion.

## CERTIFICATE OF SERVICE

I, Jenny Johnson-Sardella, do hereby certify that on March 20, 2023, a true and correct copy of the foregoing document was electronically filed and served. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jenny Johnson-Sardella*
Jenny Johnson-Sardella