**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Case No.: 1:23cv00404-VSB**

RICHARD WENNER JR.,

Plaintiff,

v.

RENZO GRACIE,
RENZO GRACIE ACADEMY, LLC,
JONATHAN WEAST, and
TIAGO MOLINOS,

Defendants.

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS RENZO GRACIE AND RENZO GRACIE ACADEMY, LLC'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT

Dated: April 10, 2023
Coral Gables, Florida

Respectfully Submitted,

*/s/ Jenny Johnson-Sardella*
Mark David Hunter, Esquire
New York Bar No. 4017331
Jenny Johnson-Sardella, Esquire
New York Bar No. 4225850
Hunter Taubman Fischer & Li LLC
2 Alhambra Plaza, Suite 650
Coral Gables, Florida 33134
Tel: (305)629-1180
Fax: (305)629-8099
E-Mail: mhunter@htflawyers.com
jsardella@htflawyers.com

## I. MEMORANDUM OF LAW

Defendants Renzo Gracie ("**Mr. Gracie**") and Renzo Gracie Academy, LLC ("**RGA**") (collectively, "**Defendants**"), by and through their undersigned counsel, hereby submit this Memorandum of Law in further support of their motion to dismiss Count II of Plaintiff Richard Wenner Jr.'s ("**Plaintiff**") Complaint for Copyright Infringement, dated January 24, 2023 ("**Complaint**") (Docket Entry (**"D.E."**) 5), with prejudice pursuant to Federal Rule of Civil Procedure ("**Rule(s)**") 12(b)(6). In furtherance of the same, Defendants respectfully state as follows:

## II. INTRODUCTION

Plaintiff filed his Complaint against Defendants on January 24, 2023, alleging two causes of action against Defendants for (1) infringement of copyright pursuant to 17 U.S.C. § 101 *et seq.*; and (2) contributory infringement. Specifically with regard to Plaintiff's claim for contributory infringement, Plaintiff alleged that he "is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly made available to and encouraged copying of Copyrighted Photograph to third parties by posting active links to social media companies immediately adjacent to Copyrighted Photograph." *Id.* at ¶ 41.

On March 20, 2023, Defendants filed their motion to dismiss Count II of the Complaint ("**Motion to Dismiss**"). *See* D.E. 15, 16. On April 3, 2023, Plaintiff filed his *Memorandum of Law in Opposition to Defendants' Motion to Dismiss Count II of Plaintiff's Complaint for Copyright Infringement* ("**Opposition**"). *See* D.E. 22. Plaintiff argued in his Opposition that his claim for contributory infringement has been adequately plead because the Complaint references Defendant Jonathan Weast ("**Mr. Weast**") and Fodacy's (a business owned by Mr. Gracie) alleged use of the Copyrighted Photograph. *See* Opposition at 2-3. However, as further discussed below, Plaintiff has failed to adequately allege a claim for contributory infringement

against Defendants and Count II of Plaintiff's Complaint should be dismissed as to Defendants with prejudice.

## III. ARGUMENT

### Plaintiff Fails to State a Claim for Contributory Infringement Against Defendants

"One infringes contributorily by **intentionally inducing or encouraging direct infringement**." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S. Ct. 2764, 2776, 162 L. Ed. 2d 781 (2005) (emphasis added). To state a claim for contributory infringement, "a plaintiff must first establish direct infringement by the relevant third party." *Arista Records LLC v. Lime Grp. LLC*, 784 F.Supp.2d 398, 423 (S.D.N.Y.2011). Once direct infringement by the relevant third party is established, a plaintiff must allege that a defendant "**with knowledge** of the infringing activity, [] **materially contributes** to the infringing conduct of [the third party.]" *Smith v. BarnesandNoble.com, LLC*, 143 F. Supp. 3d 115, 124 (S.D.N.Y. 2015) (quoting *Arista Records LLC*, 784 F.Supp.2d at 432) (emphasis added).

Count II of the Complaint states in a conclusory manner, "that Defendants, without the permission or consent of Plaintiff, knowingly made available to and encouraged copying of [the] Copyrighted Photograph **to third parties** by posting active links to social media companies immediately adjacent to Copyrighted Photograph." Complaint at ¶ 41 (emphasis added). However, Plaintiff did not state who the third parties are in his Complaint. *See id.* at ¶¶ 41-43. The Complaint does not realleged the preceding paragraphs in the Complaint as if set forth in Count II. Although Plaintiff attempts to correct this deficiency in his Opposition by referencing Mr. Weast and Fodacy, Plaintiff's Opposition does not reference one allegation within the Complaint that supports his claim for contributory copyright infringement.

Count II of the Complaint also fails to adequately allege material contribution by Defendants. Contributory infringement requires that the defendant has made a material contribution to the alleged infringement. This requires a plaintiff to allege that the defendants "authorized, or played [a] part . . . in the alleged infringement." *Warren v. John Wiley & Sons, Inc.*, No. 12 Civ. 5070 (JPO), 952 F. Supp. 2d 610, 619 (S.D.N.Y. 2013); *see also Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000). While Plaintiff argued in his Opposition that Mr. Weast and Fodacy were the alleged third-party infringers, Plaintiff failed to set forth allegations in his Complaint that support that Defendants materially contributed to any infringement by Mr. Weast and Fodacy. *See generally* Complaint. Contrary to Plaintiff's arguments in the Opposition, Plaintiff alleged that Fodacy is a business owned by Mr. Gracie and not a third party. In addition, the Complaint is devoid of any allegation that Defendants authorized, played a part in or encouraged Mr. Weast's alleged infringement. *See Arista Records LLC*, 784 F. Supp. 2d at 425.

According to the Complaint, Plaintiff published the Copyrighted Photograph on his own website on April 25, 2015, and that Mr. Gracie allegedly posted the Copyrighted Photograph on his websites and other social media sites on or about August 7, 2015. *See* Complaint at ¶ 3. Mr. Weast arguably had access to the Copyrighted Photograph on Plaintiff's own website, in addition to other non-infringing photos of Mr. Gracie. Plaintiff failed to allege that Mr. Weast used the copy of the Copyrighted Photo posted to Mr. Gracie's websites or social media sites for his artwork. This Court cannot ascertain, based upon the fact of the Complaint, from where Mr. Weast allegedly copied the Copyrighted Photograph. The allegations set forth in the Complaint do not support that Defendants "engaged in purposeful conduct" and "intended and encouraged" infringement by any third party. *Grokster*, 545 U.S. at 940 n.13. As such, Plaintiff's claim for contributory infringement fails.

## IV. CONCLUSION

Plaintiff has not met the applicable standards required to sustain his claim for contributory infringement against Defendants, and Count II must be dismissed pursuant to Rule 12(b)(6) as to Defendants. Defendants also are entitled to reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 for having to defend plaintiffs' objectively unreasonable claims, should the Court grant this motion.

**CERTIFICATE OF SERVICE**

I, Jenny Johnson-Sardella, do hereby certify that on April 10, 2023, a true and correct copy of the foregoing document was electronically filed and served. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jenny Johnson-Sardella*
Jenny Johnson-Sardella