**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Case No.: 1:23cv00404-VSB**

RICHARD WENNER JR.,

Plaintiff,

v.

RENZO GRACIE,
RENZO GRACIE ACADEMY, LLC,
JONATHAN WEAST, and
TIAGO MOLINOS,

Defendants.

**DEFENDANT TIAGO MOLINOS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Pursuant to Federal Rule Civil Procedure 8, Defendant Tiago Molinos ("**Mr. Molinos**"), by and through his undersigned counsel, hereby submits his Answer and Affirmative Defenses to Plaintiff Richard Wenner Jr.'s ("**Wenner**") Complaint for Copyright Infringement. In furtherance of the same, Mr. Molinos responds in correspondingly numbered paragraphs and denies all allegations in the Complaint not specifically admitted below.

PARTIES

1. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 1, and therefore denies the same.

2. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 2, and therefore denies the same.

3. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 3, and therefore denies the same.

4. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 4, and therefore denies the same.

5. Mr. Molinos denies the allegations set forth in paragraph 5.

JURISDICTION AND VENUE

6. The allegations set forth in paragraph 6 are legal conclusions and therefore do not require a response. In the alternative, In the alternative, Mr. Molinos denies the same.

7. The allegations set forth in paragraph 7 are legal conclusions and therefore do not require a response. In the alternative, In the alternative, Mr. Molinos denies the same.

8. The allegations set forth in paragraph 8 are legal conclusions and therefore do not require a response. In the alternative, In the alternative, Mr. Molinos denies the same.

9. The allegations set forth in paragraph 9 are legal conclusions and therefore do not require a response. In the alternative, In the alternative, Mr. Molinos denies the same.

10. The allegations set forth in paragraph 10 are legal conclusions and therefore do not require a response. In the alternative, In the alternative, Mr. Molinos denies the same.

FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 11, and therefore denies the same.

12. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 12, and therefore denies the same.

13. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 13, and therefore denies the same.

14. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 14, and therefore denies the same.

15. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 15, and therefore denies the same.

16. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 16, and therefore denies the same.

17. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 17, and therefore denies the same.

18. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 18, and therefore denies the same.

19. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 19, and therefore denies the same.

20. In response to the allegations set forth in paragraph 20, Exhibit 10 speaks for itself. To the extent the allegations set forth in paragraph 20 are inconsistent with Exhibit 10, Mr. Molinos denies the same.

21. In response to the allegations set forth in paragraph 21, the translation of Exhibit 10 speaks for itself. To the extent the allegations set forth in paragraph 21 are inconsistent with the translation of Exhibit 10, Mr. Molinos denies the same.

22. In response to the allegations set forth in paragraph 22, the translation of Exhibit 10 speaks for itself. To the extent the allegations set forth in paragraph 22 are inconsistent with the translation of Exhibit 10, Mr. Molinos denies the same.

23. Mr. Molinos denies the allegations set forth in paragraph 23.

24. The allegations set forth in paragraph 24 contain Plaintiff's statement of the case and legal arguments, and therefore do not require a response from Mr. Molinos In the alternative, Molinos denies the same.

25. Mr. Molinos denies the allegations set forth in paragraph 25.

26. The allegations set forth in paragraph 26 are legal conclusions and therefore do not require a response. In the alternative, Mr. Molinos denies the same.

27. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 27, and therefore denies the same.

28. In response to the allegations set forth in paragraph 28, the translation of Exhibit 11 speaks for itself. To the extent the allegations set forth in paragraph 28 are inconsistent with the translation of Exhibit 11, Mr. Molinos denies the same.

29. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 29, and therefore denies the same.

30. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 30, and therefore denies the same.

31. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 31, and therefore denies the same.

32. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 32, and therefore denies the same.

33. Mr. Molinos denies the allegations set forth in paragraph 33.

COUNT I:INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

34. Mr. Molinos reasserts and incorporates his answers to paragraphs 1 through 33 as set forth here.

35. Mr. Molinos is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 35, and therefore denies the same.

36. The allegations set forth in paragraph 36 are legal conclusions and therefore do not require a response. In the alternative, Mr. Molinos denies the same.

37. The allegations set forth in paragraph 37 contain Plaintiff's statement of the case and legal arguments, and therefore do not require a response from Mr. Molinos. In the alternative, Molinos denies the same.

38. The allegations set forth in paragraph 38 are legal conclusions and therefore do not require a response. In the alternative, Mr. Molinos denies the same.

39. The allegations set forth in paragraph 39 relate to Defendant Renzo Gracie and are legal conclusions, and therefore do not require a response from Mr. Molinos. In the alternative, Mr. Molinos denies the same.

40. The allegations set forth in paragraph 40 are legal conclusions and therefore do not require a response. In the alternative, Mr. Molinos denies the same.

## COUNT II: CONTRIBUTORY INFRINGEMENT

41. The allegations set forth in paragraph 41 contain Plaintiff's statement of the case and legal arguments, and therefore do not require a response from Mr. Molinos. In the alternative, Molinos denies the same.

42. The allegations set forth in paragraph 42 are legal conclusions and therefore do not require a response. In the alternative, Mr. Molinos denies the same.

43. The allegations set forth in paragraph 43 are legal conclusions and therefore do not require a response. In the alternative, Mr. Molinos denies the same.

## PRAYER FOR RELIEF

### A.

Mr. Molinos denies Plaintiff's allegations in this un-numbered paragraph.

**B.**

Mr. Molinos denies Plaintiff's allegations in this un-numbered paragraph, and further denies that Plaintiff is entitled to any permanent injunctive relief

**C.**

Mr. Molinos denies and objects to Plaintiff's request for disgorgement in this action, as Mr. Molinos has not received any ill-gotten gains.

**D.**

Mr. Molinos denies Plaintiff's allegations in this un-numbered paragraph, and further denies Plaintiff's request for actual and/or statutory damages.

**E.**

Mr. Molinos denies Plaintiff's allegations in this un-numbered paragraph, and further denies Plaintiff's request for costs, reasonable attorneys' fees, and disbursements in this action pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5).

**F.**

Mr. Molinos request that this Court grant such other and further relief that the Court deems just and proper.

## AFFRIMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Mr. Molinos on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrine of equitable estoppel.

FOURTH AFFIRMATIVE DEFENSE

Mr. Molino's conduct was innocent, non-infringing, and not a willful infringement of copyright.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he claims copyright protection in works that are immoral, illegal, obscene or libelous.

SIXTH AFFIRMATIVE DEFENSE

This Court does not have personal jurisdiction over Mr. Molinos to enter a judgment against Defendant.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred by 17 U.S.C. section 412 from claiming statutory damages or attorney's fees under the Copyright Act in that the alleged acts of infringement occurred before first registration of the Plaintiff's alleged work.

RELIEF REQUESTED

Based on the foregoing, Mr. Molinos prays that this Court denies any relief or request for judgment on behalf of Plaintiff, including the relief requested in sections A through F, and dismiss this action against him in its entirety, with prejudice, and for such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Mr. Molinos demands a trial by jury in the action as to all issues and claims.

**DATED:** September 5, 2023
Coral Gables, Florida

Respectfully Submitted,

*/s/ Jenny Johnson-Sardella*
Mark David Hunter, Esquire
New York Bar No. 4017331
Jenny Johnson-Sardella, Esquire
New York Bar No. 4225850
Hunter Taubman Fischer & Li LLC
2 Alhambra Plaza, Suite 650
Coral Gables, Florida 33134
Tel: (305) 629-1180
Fax: (305) 629-8099
Email: mhunter@htflawyers.com
jsardella@htflawyers.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notices of Electronic Filing electronically.

/s/ *Jenny Johnson-Sardella*
Jenny Johnson-Sardella